IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA ROADCLOUD, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION & PAROLE, et al. | : | NO. 05-3787 |

ORDER AND OPINION

JACOB P. HART                                                          DATE:   April 12, 2006
UNITED STATES MAGISTRATE JUDGE

In this civil rights action, individual defendants Gary Scicchitano, Maria Marcinko, Willie Jones and Mark Weinstein have filed an action for summary judgment against plaintiffs Victoria Roadcloud and Martha Holman, on the basis that they fail to meet the applicable statute of limitations. As set forth below, Defendants' motion will be granted.

I.      Factual and Procedural Background

On May 31, 2005, plaintiffs Roadcloud and Holman, along with Henry Williams, Carmen Clements and Dionne Drayton, filed this civil action in the Court of Common Pleas for Philadelphia County, alleging that the Pennsylvania Board of Probation and Parole ("the Board") and the individual defendants discriminated and retaliated against them in the terms and conditions of their employment contracts with the Board. They asserted claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Pennsylvania Constitution. Defendants later removed the case to this court.

This case was assigned to the Honorable Bruce W. Kauffman. On January 6, 2006, Judge Kauffman entered an order granting three motions to dismiss filed by (1) the Board; (2) Scicchitano, Marcinko, Jones and Weinstein; and (3) Solla.

Interpreting Jett v. Dallas Independent School District, 491 U.S. 701 (1989), Judge Kauffman held that no private right of action was available under § 1981, and that "the express 'action at law' provided by § 1983 ... provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett at 491 U.S. at 736, quoted by Judge Kauffman at slip op. page 4. Judge Kauffman also held that, although some Circuits had found to the contrary, the 1991 amendments to § 1981 did not overrule Jett and make a private right of action available. Slip. op. at 6.

For this reason, Judge Kauffman dismissed the § 1981 claim against the Board, and also the § 1983 claim, since that statute does not provide a cause of action against state governments and their agencies. He also did away with the § 1981 counts against the individual defendants, but, instead of dismissing them outright, he "merged" them into the § 1983 counts. In this way, the plaintiffs could seek to enforce their § 1981 rights through § 1983, as suggested in Jett.[1]

Further, Judge Kauffman dismissed the § 1983 claim asserted by plaintiff Henry Williams, because the wrongful acts he alleged occurred outside of the two-year statute of limitations applicable to a § 1983 claim in this court. Slip. op. at 7, citing Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (the statute of limitations period governing a § 1983 claim is determined by the limitations period for a personal injury action in the forum state); 42 Pa. C.S.A. § 5524 (two year statue of limitation for personal injury actions in Pennsylvania); and Garving v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (two-year statute of limitations applies in Pennsylvania § 1983 case).

---

[1] Additionally, Judge Kauffman dismissed Roadcloud's and Holman's claims against defendant Daniel Solla, and dismissed in its entirety Plaintiffs' count under the Pennsylvania Constitution, finding that the state and its agents were immune.

Defendants Scicchitano, Marcinko, Jones and Weinstein now move for the dismissal of the § 1983 claims brought against them by plaintiffs Roadcloud and Holman, arguing that their claims, too, are barred by the statute of limitations. It is undisputed that Holman left her position at the Board on August 10, 2001, and that Roadcloud left her position on January 10, 2003. As noted above, this case was filed on May 31, 2005.

II.     Legal Standard for Summary Judgment

Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pr. 56. The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, supra at 325; Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989).

III.    Discussion

Given the foregoing facts, I am able to conclude as a matter of law that Roadcloud's and Holman's § 1983 claims were filed after the tolling of the two-year statute of limitations. For this reason, they must be dismissed. Since this action no longer contains § 1981 claims, or claims under the Pennsylvania Constitution (which would, in any event, have been dismissed for lack of federal jurisdiction), my decision eliminates the last claims held by those plaintiffs, and judgment must be entered against them and in favor of Scicchitano, Marcinko Jones and Weinstein.

Roadcloud and Holman argue that the two-year § 1983 statute of limitations does not apply. They maintain that Judge Kauffman did not actually dismiss the § 1981 claims but, rather, "merged" them. It is clear, however, from reading Judge Kauffman's opinion that "merger" meant that the rights granted by § 1981 could be enforced through § 1983, not that a direct § 1981 claim remained somehow alive. This is obvious from the fact that – as discussed above – Judge Kauffman specifically held that, under Jett, § 1981 claims could *not* be asserted against state actors like the individual defendants. It is also obvious from the fact that he then went on to dismiss Williams' claims specifically because they fell outside of the two-year § 1983 statute of limitations.

Similarly, in Carlton v. City of Philadelphia, Civ. A. No. 03-1620, 2004 WL 633279 (E.D. Pa. Mar. 30, 2004), Judge Kauffman merged a § 1981 claim into a § 1983 claim, and then proceeded to discuss whether the plaintiff's claims were barred by the two-year § 1983 statute of limitations. Carleton at * 4-5.

Roadcloud and Holman point out that authority exists for applying the "catchall" four-year federal statute of limitations set forth in 28 U.S.C. § 1656 in § 1981 cases which were "made possible" by the 1991 amendments to that statute. City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113 (2005); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004). However, this is besides the point, since – as noted above – Judge Kauffman ruled that the § 1981 claims were *not* "made possible."

In so ruling, J. Kauffman appears to have taken the view held by the Court of Appeals for the Third Circuit, which, in a nonprecedential opinion from 2003, stated that a § 1983 action is the sole remedy for the violation of rights guaranteed by § 1981. Oaks v. City of Philadelphia, 59 Fed. Appx. 502 at 503 (3d Cir. Mar. 17, 2003). Unfortunately, the Court of Appeals has

provided no more explicit guidance.  There is disagreement among the other Circuits as whether the 1991 Amendments created a private right of action under § 1981, in effect, undoing Jett.  See Dennis v. County of Fairfax, 55 F.3d 151, 1565 (4th Cir. 1995); and Johnson v. City of Fort Lauderdale, 903 F. Supp. 1520 (S.D. Fla. 1995), aff'd 114 F.3d 1089 (11th Cir. 1997) (both finding that Jett is still the law).  Contra Federation of African American Contractors v. City of Oakland, 96 F.3d 1204, 1214 (9th Cir. 1996).

Nevertheless, it is certainly the prevailing view in this district that Jett remains the law despite the 1991 amendments to § 1981.  See Russ-Tobias v. Pennsylvania Board of Probation and Parole, Civ. A. No. 04-270, 2006 WL 516771 at *5 (E.D. Pa. Mar. 2, 2006), citing Foxworth v. Pa. State Police, Civ. A. No. 03-6795, 2005 WL 840374 (E.D. Pa. Apr. 11, 2005); Carlton v. City of Philadelphia, Civ. A. No. 03-1620, 2004 WL 633279 (E.D. Pa. Mar. 20, 2004); Miles v. City of Philadelphia, Civ. A. No. 98-5837, 1999 WL 27479 (E.D. Pa. May 5, 1999); Poli v. SEPTA, Civ. A. No. 97-6766, 1998 WL 405052 (E.D. Pa. Jul. 7, 1998).  Contra  Watkins v. Pa. Board of Probation and Parole, Civ. A. NO. 02-2881, 2002 WL 32182088 (E.D. Pa. Nov. 25, 2002).

Since Judge Kauffman decided that Roadcloud's and Holman's § 1981 actions were not, in fact, "made possible" by the 1991 Amendments, the § 1656 statute of limitations cannot apply.  Roadcloud and Holman have not asked Judge Kauffman to reconsider his January 6, 2006, opinion, nor have they asked me to do so.  I would not disagree with Judge Kauffman's interpretation of Jett, in any event, having taken note of Oaks, and of the cases decided by other judges in this District.

Thus, because Roadcloud's and Holmes' employment with the Board terminated over two years before this case was filed, I will dismiss their § 1983 claims.[2] Since, as noted above, these are the only remaining claims asserted by those plaintiffs, I will grant Defendants' motion dismissing Roadcloud and Holmes as plaintiffs in this case.

O R D E R

AND NOW, this        day of April, 2006, upon consideration of Defendants Scicchitano, Marcinko, Jones and Weinstein's Motion for Summary Judgment, filed in this case as Document No. 23, and Roadcloud and Holman's response thereto, it is hereby ORDERED that the motion is GRANTED.  Judgment is entered in favor of defendants Scicchitano, Marcinko, Jones and Weinstein and against plaintiffs Roadcloud and Holman.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

---

[2] Roadcloud at one point argued that the statute of limitations for her claim was tolled while she pursued union grievance procedures.  However, in an April 10, 2006, letter brief, she conceded that this is not a viable position.  I have not, therefore, addressed this argument.